```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
```

CHARLIE ROSARIO,                       :
          Petitioner,                  :
                                       :            PRISONER
v.                                     :   CASE NO. 3:15cv523(RNC)
                                       :
HERMAN QUAY,                           :
          Respondent.                  :

## RULING AND ORDER

Charlie Rosario, an inmate at FCI Danbury, brings this action pro se pursuant to 28 U.S.C. § 2241 claiming that he was denied due process in connection with a prison disciplinary proceeding that resulted in his confinement in disciplinary segregation and loss of good conduct time.  Respondent argues that the petition should be denied because the record establishes that petitioner has failed to exhaust administrative remedies and was afforded all the process he was due.  I agree and therefore dismiss the petition.

I.   Background

The record shows the following.  On November 15, 2014, petitioner was charged with the prohibited act of Threatening Another With Bodily Harm, which is classified as a High Severity offense.  See 28 C.F.R. Part 541, Subpart A, "Table 1 - Prohibited Acts and Available Sanctions.  The charge was based on an incident at FCI Danbury earlier that day involving a correctional officer and petitioner.  According to the officer's

written report of the incident, the officer spoke with petitioner while conducting rounds in petitioner's housing unit.  Petitioner told the officer he was working too hard and needed to relax because some inmates did not like to be "mess[ed] with."  Petitioner stated that the officer could be jumped.  When the officer told petitioner that he was just doing his job, petitioner again stated that the officer could be jumped.

    On November 16, the officer's report of the incident was issued to petitioner.  Lieutenant North interviewed petitioner concerning the report.  Petitioner admitted making the statements attributed to him in the report but claimed "We were just joking around."  Lieutenant North concluded that the incident report was accurate and referred the matter to the Unit Disciplinary Committee.

    On November 24, Correctional Counselor Rivera conducted a Unit Disciplinary Committee Review, forwarded the matter to a Disciplinary Hearing Officer ("DHO"), provided petitioner with notice of a disciplinary hearing, and advised him of his rights.

    On November 25, a disciplinary hearing was held.  Petitioner acknowledged the incident report was correct but claimed he did not intend to threaten the officer.  The DHO concluded that petitioner had threatened the officer with bodily harm and imposed the following sanctions: 27 days loss of good conduct

time, 20 days confinement in disciplinary segregation, 90 days loss of email privileges, and 90 days loss of commissary privileges.

In this action, petitioner challenges the disciplinary finding on the ground that he was denied due process. He also contends that he was unable to appeal the disciplinary finding because documents were not delivered to him in a timely manner.

II.  Discussion

A petition pursuant to 28 U.S.C. § 2241 may be used by a federal prisoner to expunge disciplinary sanctions, including loss of good time credit.  Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).  Before commencing an action under § 2241, a prisoner must exhaust administrative remedies.  Id. at 634.  The purposes of the exhaustion requirement include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary."  Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).  Respondent has shown that petitioner failed to comply with applicable regulations of the Bureau of Prisons and thus failed to exhaust his administrative remedies.

BOP regulations provide that disciplinary findings may be appealed to the Regional Director within 20 calendar days of the date of decision.  28 C.F.R. §§ 542.14(d)(2), 542.15(a).  A final appeal may be submitted to the General Counsel's Office within 30 calendar days of denial of relief by the Regional Director.  Id.  The filing date of an appeal is the date it is received.  28 C.F.R. § 542.18; see also Marra v. Baird, No. 3:14-CV-1011 (AVC), slip op. 9 (D. Conn. Apr. 9, 2015).  The time limits at any level of review may be extended for a valid reason.  28 C.F.R. §§ 542.14(b), 542.15(a).

The administrative record establishes that petitioner did not comply with the regulations.  He received a copy of the DHO report on November 25, 2014.  In order to satisfy the 20-day period for a timely appeal, he had to submit documents to the Regional Director by December 15.  He missed the deadline by approximately 9 days and his appeal was rejected as untimely.  He was promptly notified that he could resubmit the appeal within 10 days supported by staff verification that the untimely filing was not his fault.  Petitioner resubmitted the appeal beyond the 10-day period and it too was rejected as untimely.  At that time, he was given another opportunity to resubmit the appeal supported by staff verification regarding the delay in filing but he took no further action.

Failure to exhaust administrative remedies results in a procedural default, which bars judicial review of the defaulted claim unless the prisoner shows that the failure to exhaust should be excused.  See Carmona, 243 F.3d at 634.  Non-exhaustion may be excused if the prisoner shows cause and prejudice, such as "legitimate circumstances beyond the prisoner's control [that] preclude[d] him from fully pursuing his administrative remedies." Id.

Based on the administrative record, it is apparent that petitioner filed his appeal after the 20-day deadline expired, failed to resubmit the appeal in a timely manner despite being given notice and an opportunity to do so, and ultimately abandoned the appeal.  This constitutes a failure to exhaust. See Champley v. Baird, No. 3:11CV635 VLB, 2012 WL 2872833, at *3 (D. Conn. July 11, 2012).  Accordingly, petitioner has the burden of showing that circumstances beyond his control prevented him from fully pursuing his remedies.  Carmona, 243 F.3d at 634. In the absence of a showing of good cause for non-exhaustion, the petition must be dismissed.  See Atkinson v. Willingham, No. 305-CV-673 RNC, 2007 WL 685168, at *4 (D. Conn. Mar. 3, 2007).

Petitioner has not made the required showing.  He alleges that prison officials failed to provide him with documents in a timely manner.  But the record establishes that he got a copy of

5

the incident report on November 16, the day after the incident occurred, see Pet. (ECF No. 1) at 32, 65, and a copy of the DHO report on November 25, the same day as the hearing. See Pet. (ECF No. 1) at 34. After receiving these documents in a timely manner, petitioner apparently took no action until December 15, the appeal deadline. On that date, he requested a complete copy of the incident report, one that included a completed section "Part II – Committee Action." See Pet. (ECF No. 1) at 63-65. He was given a copy of the completed report within 24 hours. Petitioner has not shown that he needed the "Committee Action" section in order to prepare and file a timely appeal and, even assuming he did, he provides no explanation for his failure to seek a complete copy of the report until the day the appeal was due.

In addition to alleging that documents were not given to him in a timely manner, petitioner makes generalized allegations regarding prison officials' interference with the administrative process. He alleges that he was "hampered" from timely appealing the disciplinary sanctions; that prison staff "continuously" discourage inmates from using the Administrative Remedy Process by "with[h]olding the remedies until requested deadlines have lapse[d]" and then refusing to sign documentation as to why service was untimely; that inmates become "frustrated" and

"abandon[]" their claims; and that prison staff have "continuously erected illegitimate barrie[r]s retarding the [administrative] process." Pet. (ECF No. 1) at 3-5.

Petitioner's allegations are too general and conclusory to sustain his burden of showing that he was prevented from fully pursuing his administrative remedies due to circumstances beyond his control. To satisfy his burden, petitioner has to allege facts showing that prison staff prevented him from pursuing an appeal. See Whalen v. Fed. Bureau of Prisons, No. 09-CV-1572 ENV, 2011 WL 2669112, at *3 (E.D.N.Y. June 30, 2011) (stating that "interference by officials" can excuse non-exhaustion only if it "makes compliance with procedural rules impracticable")(quotations and citations omitted); Dunbar v. Sabol, 649 F. Supp. 2d 1, 4 (D. Mass. 2009) (stating that "merely conclusory statements" are not sufficient to excuse failure to exhaust administrative remedies); cf. Hinebaugh v. Wiley, 137 F. Supp. 2d 69, 75 (N.D.N.Y. 2001) (finding that the failure to exhaust should be excused when petitioner submits evidence that his legal files were confiscated and not returned for fourteen months). Because petitioner has not made this showing, his failure to exhaust cannot be excused.

In addition to relying on petitioner's failure to exhaust, respondent argues that petitioner's due process claim is

7

unavailing on the merits.  To satisfy due process requirements, petitioner was entitled to advance written notice of the charge, an opportunity to call witnesses and present documentary evidence, and a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action.  See Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985).  In addition, a DHO's decision must be supported by "some evidence."  Id. at 455-56.  This standard is satisfied if the record evidence could support the decision.  Id.

The record establishes that petitioner did receive the process required by the Constitution.  He was given advance written notice of the charge, declined an opportunity to call witnesses and present other evidence, and received a copy of the DHO's decision the day of the hearing.  The DHO's decision states the evidence relied on and provides reasons for the disciplinary action.  The decision is adequately supported by the officer's report and statements.

Petitioner's due process complaint may be based on the timing of the review conducted by the Unit Discipline Committee. BOP regulations provide that a UDC will ordinarily review an incident report within 5 work days.  28 C.F.R. § 541.7(c).  In this case, there was a delay of 8 days.  But the Warden approved an extension of time for the review as permitted by BOP policy.

See Resp., Ex. B (ECF No. 5-2), at 7; Resp., Ex. C (ECF No. 5-2), at 1. In any event, a violation of the regulation concerning the time for UDC does not itself constitute a violation of due process. See Agramonte v. Bragg, 2013 WL 5530518, *3-4 (D.S.C. Oct. 7, 2013); Anderrson v. Bledsoe, 2012 WL 1414848, *6 (M.D.Pa. Apr. 24, 2012). And there is no indication petitioner was prejudiced by the brief delay.

IV. Conclusion

Accordingly, the petition is hereby denied. Because I do not think reasonable jurists would find it debatable whether the petitioner failed to exhaust or whether the petition states a valid due process claim, a certificate of appealability will not issue. The Clerk may enter judgment and close the case.

So ordered this 21st day of January 2017.

```
              /s/ RNC
         Robert N. Chatigny
      United States District Judge
```